Johnson,
J. delivered the opinion of the Court.
The principle involved in this case has been settled by the case of Staig vs. Newton, determined during this Term*. It is there decided, that an endorsee has such an interest in the event of a suit, brought on the note, or bill, as renders him an incompetent witness. The general rule is, that a party interested in the event of a suit, is not a competent witness; but when he is *278 equally interested on both sides, he may be admitted, and the obvious reason seems to be, that ceases to have an interest, for, although he has an interest in the subject matter of the action, he is not interested in the event of the issue ; this though is only when the interest is precisely balanced, but the moment you fix his interest to be greater on one side than the other, he becomes interested and incompetent. It has, however, been urged, that where there are conflicting interests, the Court will not take upon itself to weigh with exactness, the quantum of interest, and will rather let the objection go to his credibility than competency. Where it is doubtful on which side the interest of the witness preponderates, this rule will apply, because he is supposed to give evidence free from that bias which interest is supposed to give; but it can no longer apply when the preponderance is fixed with certainty. In this case there is a clear and obvious preponderance of interest on the part oí the plaintiff; for if the action had failed, the witness would have been liable, over to the plaintiff*, not only for the debt, but also the costs of this action; whereas he could not be affected by the success of the defendant to more than the amount of the debt; upon this principle, therefore, he was incompetent. But this case forms an exception: the witness was called to swear in opposition to the greater interest; it does not. therefore, lie with the party, whose *279 cause he is interested to support, to make the objection.
K. L. Simons, for the motion.
Richardson, contra.
On this ground, therefore, I think the motion O 1 7 for a new trial ought to be granted.
Bay, Nott, and Cheves, J. concurred.
Colcock, J. dissented.

 Although the Judges had respectively formed their opinions in the case of Staig vs. A’cwtonthey were not. formally delivered until a subsequent 'lay.